[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on August 28, 1983 at Cedarhurst, New York. The plaintiff has resided continuously in Connecticut for the last eight years, and all statutory stays have expired. There are two children, issue of the marriage. They are Julie, born June 5, 1985 and Suzanne, born November 5, 1986. The evidence indicates the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff, age 48, reports that her health is good. She holds a bachelor of fine arts degree from the Rochester Institute of Technology and a master's degree in the same field from Temple University. She has worked in the jewelry industry as a designer, and currently is self employed in that field. She has held no regular employment since 1985, and essentially has been occupied as a homemaker attending to the needs of the parties' daughters.
The defendant, age 52, also enjoys good health. He is a well educated gentleman. He has bachelor's degree from Dartmouth and masters degrees in international relations and political science. He is currently working on obtaining a Ph.D. in political science from Columbia University and expects to complete his work by the end of this summer. He intends to gain employment as a professor at an institute of higher learning. He previously had a career in the banking industry as a loan officer for several prestigious banking institutions.
During the early years of this marriage the defendant was gainfully employed and provided the major financial support for the family. Problems between the parties started to develop in 1990. In 1993, their relationship became increasingly strained because the defendant's employment at the Swiss Bank was terminated and he was spending more time at home.
In 1994, the defendant decided to choose a career in academia and CT Page 3973 pursue his doctorate. The defendant states that this career change was made with agreement of the plaintiff and with the understanding that the plaintiff's assets would be available for family support during the period the defendant completed his graduate school work. He claims his reliance on the plaintiff's promises resulted in the defendant's making this drastic change in his career.
The plaintiff disputes the defendant's version of this event. She admits to consenting to the defendant's returning to school only after the defendant assured the plaintiff he had sufficient savings to support the family while he completed his education.
Commencing in 1994, at the request of the defendant, the plaintiff started making financial contributions to meet the financial needs of the parties with her contributions ultimately approximately equaling those of the defendant. From mid 1999 on, the defendant has contributed nothing for family support.
The court has concluded that although the defendant may have expected his retirement years to be subsidized by access to his wife's assets, there were no such promises made by the plaintiff. Shortly after the defendant started attending Columbia, the plaintiff brought an action to dissolve the marriage. Although that action was subsequently withdrawn, it certainly put the defendant on notice that his marriage was in trouble. Also, the defendant, early in life demonstrated an interest in teaching. He spent time teaching in the Boston school system. He also admitted he was unhappy working in the banking industry. The defendant made the decision for a career change to satisfy his own needs and goals.
No convincing evidence was presented that either party alone was responsible for the breakdown of this relationship. Unfortunately, differences in values and goals played a significant role in leading to this dissolution. The court declines to assess fault to either party.
The court has carefully considered the statutory criteria set forth in Connecticut General Statutes, Sections 46b-81, 46b-82, 46b-62, 46b-84 and46b-215a in reaching the decisions reflected in the orders that follow.
The plaintiff is a beneficiary of the following three trusts:
 1. Phyllis Greenberg Irrevocable Life Insurance Trust dated December 15, 1987.
 The plaintiff states that the current value of the trust is $5,045;
CT Page 3974
2. Milton Greenberg Irrevocable Trust dated April 5, 1989.
 The plaintiff states the trust owns a life insurance policy with a face amount of $1,603,057;
 3. Milton Greenberg Charitable Remainder Unitrust — July 2, 1996.
 The plaintiff states the Trust holds securities and funds managed by Bessemer Trust of Florida. As of August 30, 1999, the Trust was valued at $946,402.
Each trust is irrevocable, and the plaintiff is entitled to a share of the principal in two trusts and income in all trusts upon the death of her mother. In each trust the trustee(s) may use the income and invade principal for the benefit of the plaintiff's mother.
The parties agree that the plaintiff has a vested interest in each trust, subject to her surviving her mother. The defendant claims that the interests are capable of being evaluated. He has presented the testimony of an expert witness who offered his opinion as to the present value of the plaintiff's interest in each trust. As a result, the defendant maintains that the ascertained values are assets the court should include in the distribution of assets between the parties.
The plaintiff opposes the defendant's position. She claims the court may not consider her interests in the three trusts because they are incapable of being evaluated because not only must the plaintiff survive her mother, but the trustees have the power to invade principal for the plaintiff's mother. Therefore, the plaintiff's interests cannot be evaluated.
The plaintiff has presented no expert witness on this issue but has elected to rely on her cross-examination of the defendant's witness.
The court agrees with both counsel that the plaintiff has a vested interest in each trust, subject to her surviving her mother. See George Gleason Bogert and George Taylor Bogert, the Law of Trusts and Trustees Section 181 (Rev.2d ed. 1979). See Carlisle v. Carlisle,1994 Conn. Super. Lexis 2662. Therefore, under General Statutes Sections 46b-81 and46b-82, as interpreted by case law, the plaintiff's interests are assets capable of being considered for financial orders in this dissolution action providing a present value can be ascertained.
The court accepts the defendant's expert's testimony that the CT Page 3975 plaintiff's interests can be evaluated. The expert rendered an opinion of present value in each trust, and the total present values, under his computations, amounted to $892,044.
The expert relied primarily on the values of assets on dates as stated by the plaintiff on her financial affidavit. He had no information as to the current values of the assets held by the trusts, composition of the assets to predict growth rates, nor any knowledge of whether there was a pattern of withdrawals of principal for the needs of the plaintiff's mother. As a result, he was required to make various assumptions to reach the conclusions he made. These assumptions are suspect because of the lack of information required to make an informed decision. Therefore, the court is unable to accept the values presented by the witness as an accurate statement of the present value of the plaintiff's interests in the trusts.
The court notes that it was impressed with the expert's credentials and his not being furnished with the necessary background information was not his fault.
Since the court was not presented with reliable evidence as to the present values of the plaintiff's interests in the three trusts, it has not attributed any value to those assets in the distribution set forth hereafter.
The court has included for distribution the assets listed on the plaintiff's financial affidavit, which state a value of $2,412,008, and those scheduled on the defendant's affidavit which indicate a value of $884,334. These funds provide sufficient assets to permit allocation to the defendant his equitable share after consideration of all the statutory criteria.
The following orders may enter:
 (1) No periodic alimony is awarded to either party.
 (2) The parties shall have joint legal custody of the minor children. The children's primary residence shall be with the plaintiff, and the defendant shall have reasonable rights of visitation. The court reserves jurisdiction to conduct a hearing as to visitation issues if the parties and the children's guardian ad litem are unable to agree.
CT Page 3976
 (3) The defendant shall pay child support in accordance with the Child Support Guidelines. The defendant's obligation is $74 per week or $318 per month. Commencing April 1, 2001, the defendant shall pay to the plaintiff the sum of $318 per month and continuing on the first day of each month thereafter, in advance. The payments shall continue until the older child becomes emancipated, reaches majority, or the provisions of Section 46b-84 (b) apply, whichever event first occurs. At that time an appropriate child support order will be issued as to the younger child.
A contingent wage withholding order may enter.
 (4) The plaintiff shall maintain the cost of medical and dental insurance for the benefit of the minor children. She shall also be responsible for all unreimbursed medical and dental expenses until such time as the defendant becomes regularly employed. At that time, the plaintiff may request a modification of this order as well as the child support order.
 Section 46b-84 (e) of the General Statutes shall apply.
 (5) The plaintiff's request for the defendant's maintaining life insurance during the children's minorities is denied. No evidence was presented as to the insurability of the defendant or the cost of obtaining life insurance.
 (6) The plaintiff shall each year receive any federal or state tax benefit derived from the minor children, including any tax credits, deductions or exemptions.
 (7) The defendant shall transfer to the plaintiff all his right, title and interest in and to the premises at 14 Highland Avenue, Darien, Connecticut, subject to the outstanding mortgage, which the plaintiff shall assume and indemnify and hold harmless the defendant from any liability thereon. The defendant shall cause CT Page 3977 to be removed any notice of lis pendens filed on his behalf.
 The plaintiff shall pay to the defendant for his interest in the premises, as an assignment of property, the sum of three hundred thousand ($300,000) dollars. The payment shall be by check no later than June 1, 2001.
 (8) The plaintiff is awarded and shall retain her interests in the checking account, investments, retirement accounts, the Florida real estate, her interests in the three irrevocable trusts, her automobile, personal effects, and business furniture, all of which are listed on her financial affidavit.
 (9) The plaintiff shall continue to act as custodian of the children's accounts scheduled on her affidavit.
 (10) The defendant is awarded and shall retain his interests in the checking account, investments, IRA accounts, and furniture and personal effects, all of which are listed on his financial affidavit.
 (11) The plaintiff shall pay to the defendant as an assignment of property the sum of two hundred fifty thousand ($250,000) dollars. The payment shall be by check no later than June 1, 2001.
 (12) The defendant shall promptly pay to the plaintiff the sum of $617.85 for outstanding parking tickets incurred by the defendant while using the plaintiff's automobile.
 (13) Each party shall be solely responsible for any debts that exist in her or his name individually.
 (14) Each party shall pay her or his own counsel fees.
Judgment may enter accordingly.
CT Page 3978
NOVACK, JUDGE TRIAL REFEREE